UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                    Case No. HG 10-09547

NEIL DOUGLAS CLARK and
TOMI JO ELLEN CLARK,

       Debtors.

_____/

```
NOT FOR PUBLICATION
```

**OPINION RE: DEBTORS' JUNE 15, 2011 MOTION - EXEMPTION**

On June 30, 2011, this court heard Debtors' June 15, 2011 motion entitled "Debtors' Request for Hearing and Motion for Reconsideration of the Court's June 8, 2011, Provisional Order." The June 15, 2011 motion was in reference to this court's provisional order entered on June 8, 2011 (DN 36). The court denied Debtors' June 15, 2011 motion for the reasons stated on the record at that time. The purpose of this opinion is to supplement those reasons.

The issue was whether Debtors could amend their Schedule C to claim as exempt the prepetition portion of their 2010 tax refund. Debtors admitted in their June 15, 2011 motion that they had had a significant tax refund for the previous tax year and that they had discussed income taxes with the bankruptcy petition preparer that they had employed to assist them in completing their bankruptcy schedules. Debtors also acknowledged that they chose not to disclose an estimate of their 2010 tax refund in their Schedule B on the preparer's advice, the advice being that "they did not have to list an income tax refund on Schedule B if the tax returns had not yet been filed." And finally, Trustee later provided a questionnaire that both Debtors completed and initialed in

conjunction with their September 10, 2010 meeting of creditors. In that questionnaire, Debtors again affirmatively represented that they did not expect to receive any tax refunds for the current tax year.

This court discussed a debtor's belated exemption of tax refunds in *In re Trudell*, 424 B.R. 786 (Bankr. W.D. Mich. 2010). Although not factually on all fours, *Trudell* is similar in that it too involved the debtors' failure to include in their Schedule B an estimate of their tax refund for the current year and their later attempt to correct that omission through the amendment of their schedules.

In *Trudell*, this court concluded that the failure to include an estimated tax refund in the schedules, if done so intentionally or recklessly, was sanctionable. *See also Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984) and *In re Colvin*, 288 B.R. 477, 482 (Bankr. E.D. Mich. 2003). Moreover, the appropriate sanction would be the prohibition of the debtor later claiming the refund as exempt through amendment of his schedules. This court did, though, allow for bad advice from his attorney or bankruptcy petition preparer to be a mitigating factor. However, this court also recognized that reliance on such advice did not provide the debtor with a free pass. Rather, the court would still consider the facts of the particular case, including missed opportunities by the debtor to correct the omission. *Id.* at 789-91.

In this instance, Debtors had the opportunity to test the preparer's advice when Trustee's questionnaire requested them again to disclose expected tax refunds. Debtors may not have intended to deceive Trustee when they answered no. However, Mr. Clark disclosed at the June 30, 2011 hearing that he had a high school education and that he had attended college. Therefore, Trustee's question should have at the very least prompted a further inquiry of the Trustee, especially given that it conflicted with the prior advice the preparer had given Mr. Clark and his wife.

2

Debtors, then, were at least reckless in their failure to disclose the estimated 2010 tax refund to Trustee. Consequently, it is appropriate to now deny their later attempt to disclose and claim as exempt the refund through amendment of their Schedules B and C.

The court will prepare a separate order.

7/7/11

Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

Signed this 7th day of July,
2011, at Grand Rapids, Michigan.